PEOPLE v BRAGDON

Docket No. 76899. Submitted December 5, 1984, at Grand Rapids.—Decided February 12, 1985.

Defendant, Charles R. Bragdon, was charged with and convicted of delivery of marijuana and of being a second felony offender, Isabella Circuit Court, Paul F. O'Connell, J. Defendant appealed, alleging several errors. *Held:*

1. It was error for the prosecutor to question the defendant by stating, "So you're guilty of the crime?" This question, coupled with the further references to defendant's admission of guilt in closing and rebuttal argument, was so offensive to the maintenance of a sound judicial system that it cannot be considered harmless error.

2. The trial court properly applied the objective test in finding that defendant had not been entrapped by the undercover police officer.

3. The trial court properly refused to give a requested instruction on the lesser misdemeanor offense of possession of marijuana because there was no disputed factual element differentiating the offense of delivery from the offense of possession.

4. The jury was adequately instructed and defendant failed to object to the instructions.

Reversed.

R. M. MAHER, P.J., dissented in part. He would hold that a trial court, in a trial for delivery of a controlled substance, must give an instruction on possession of that substance where requested to do so and where the state's evidence shows possession by the defendant.

OPINION OF THE COURT

1. CRIMINAL LAW — WITNESSES — OPINION TESTIMONY.

It is error requiring reversal for a prosecutor to question a

REFERENCES FOR POINTS IN HEADNOTES
[1] 31 Am Jur 2d, Expert and Opinion Evidence § 4.
[2] 21 Am Jur 2d, Criminal Law §§ 202-206.
[3] 75 Am Jur 2d, Trial § 880.
[4] 75 Am Jur 2d, Trial § 576 *et seq.*

defendant by asking him if he's guilty of the crime and to refer to defendant's admission of guilt in closing argument; a witness may not express an opinion as to the defendant's guilt or innocence.

2. CRIMINAL LAW — ENTRAPMENT.

   The proper test for entrapment is objective, focusing on the conduct of the police.

3. CRIMINAL LAW — LESSER INCLUDED OFFENSES — JURY INSTRUCTIONS.

   A trial court properly refused to give an instruction on a lesser included offense where there was no disputed factual element differentiating the lesser from the greater offense.

PARTIAL CONCURRENCE AND PARTIAL DISSENT BY R. M. MAHER, P.J.

4. CONTROLLED SUBSTANCES — DELIVERY — POSSESSION — JURY INSTRUCTIONS.

   *A trial court, in a trial for delivery of a controlled substance, must give an instruction on possession of that substance where requested to do so and where the state's evidence shows possession by the defendant.*

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *Joseph T. Barberi,* Prosecuting Attorney, and *Leonard J. Malinowski,* Assistant Attorney General, for the people.

*Susan J. Smith,* Assistant State Appellate Defender, for defendant on appeal.

Before: R. M. MAHER, P.J., and R. B. BURNS and R. E. ROBINSON,* JJ.

PER CURIAM. Defendant was convicted following a jury trial of delivery of marijuana, MCL 333.7401, subds (1) and (2)(c); MSA 14.15(7401), subds (1) and (2)(c). The next day, January 4, 1984, the same jury convicted defendant of being a second felony offender, MCL 769.10; MSA 28.1082.

---

* Former circuit judge, sitting on the Court of Appeals by assignment.

He was sentenced to one year in the county jail. He appeals as of right. We reverse.

It was error for the prosecutor to question the defendant by stating, "So you're guilty of the crime?" Absent a valid plea, the issue of an accused's guilt or innocence is a question for the trier of fact. As with matters of credibility, it is clear that a witness cannot express an opinion on the defendant's guilt or innocence of the charged offense. See *People v Drossart,* 99 Mich App 66; 297 NW2d 863 (1980); *People v Parks,* 57 Mich App 738; 226 NW2d 710 (1975). We find the prosecutor's question to be tantamount to a transformation of this proceeding from a jury trial to a guilty plea situation. Although the defendant had virtually admitted the existence of the elements of the offense on direct and cross-examinations, he was still entitled to have the jury decide the question of his criminal responsibility. Although we are cognizant of the overwhelming evidence of guilt presented, we find this question, coupled with the further references to defendant's admission of guilt in closing and rebuttal argument, to be so offensive to the maintenance of a sound judicial system that it cannot be considered harmless error. *People v Robinson,* 386 Mich 551; 194 NW2d 709 (1972).

While the defendant, as any other witness, is sworn to testify truthfully, once the defendant has entered a plea of not guilty and invoked his right to trial by jury, the prosecution bears the burden of proving the defendant guilty beyond a reasonable doubt and may not seek to obtain a plea of guilty by directly questioning the defendant on the ultimate issue of guilt. Moreover, while defendant may have admitted the existence of the elements of the offense, it is solely within the jury function to find the facts and to determine the guilt or

innocence of the accused. As was stated in *People v Vaughn,* 409 Mich 463, 466; 295 NW2d 354 (1980),

"Our Court has recognized the role of the jury in a criminal trial. 'Because the jury is the sole judge of *all* the facts, it can choose, without any apparent logical basis, what to believe and what to disbelieve. What may appeal to the judge as "undisputed" need not be believed by a jury.' *People v Chamblis,* 395 Mich 408, 420; 236 NW2d 473 (1975).

"Juries are not held to any rules of logic nor are they required to explain their decisions. The ability to convict or acquit another individual of a crime is a grave responsibility and an awesome power. An element of this power is the jury's capacity for leniency."

In the event that the prosecutor elects to retry the defendant on this charge, we briefly address the remaining issues. First, the trial court properly applied the objective test in finding that defendant had not been entrapped by the undercover police officer. *People v Turner,* 390 Mich 7; 210 NW2d 336 (1973). That finding is not clearly erroneous and is not a ground for reversal. *People v D'Angelo,* 401 Mich 167; 257 NW2d 655 (1977). Second, the trial court properly refused to give the requested instruction on the lesser misdemeanor offense of possession of marijuana. Because there was no disputed factual element differentiating the offense of delivery from the offense of possession, the third element of *People v Stephens,* 416 Mich 252, 263; 330 NW2d 675 (1982), was not met. Finally, although we do not condone the procedure utilized by the trial judge in instructing the jury in defendant's trial of the habitual offender charge, a review of the record in its entirety discloses that the jury was adequately advised of its responsibilities. Moreover, counsel's failure to

object either to the procedure employed by the trial court or to the omission of certain instructions will generally preclude appellate review. Counsel may not sit back and harbor error to be used as an appellate parachute in the event of jury failure. *People v Brocato,* 17 Mich App 277, 305; 169 NW2d 483 (1969).

Defendant's convictions are reversed.

R. M. MAHER, P.J. *(concurring in part and dissenting in part).* I agree with the majority that defendant's conviction for delivery of marijuana, MCL 333.7401, subds (1) and (2)(c); MSA 14.15(7401), subds (1) and (2)(c), must be reversed because of the prosecutor's improper questioning of defendant. I also agree that the trial court properly found the defendant had not been entrapped by the police and that reversible error did not occur under the procedure utilized by the trial court in instructing the jury for defendant's trial on the habitual offender charge. However, I do not agree that the trial court properly refused to give the requested instruction on the lesser misdemeanor offense of possession of marijuana. The majority states that "because there was no disputed factual element differentiating the offense of delivery from the offense of possession", the trial court properly declined to give the instruction under *People v Stephens,* 416 Mich 252, 263; 330 NW2d 675 (1982). A close reading of *Stephens* shows, however, that the Supreme Court specifically declined to overrule in *Stephens* its decision in *People v Kamin,* 405 Mich 482; 275 NW2d 777 (1979). See *Stephens,* 416 Mich 258, fn 9. Therefore, the trial court and this Court are still bound by the dictates of *Kamin. Kamin* held that, where a defendant who is charged with delivery of a controlled substance is shown by the state's evi-

dence to have been in possession of the substance, the trial court must give a requested possession instruction. I would hold, therefore, that if defendant requests the possession instruction on retrial, the trial court must give the instruction.