# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

ERIC TODD CRYSLER,

        Defendant-Appellant.

UNPUBLISHED
June 9, 2015

No. 320675
Kent Circuit Court
LC No. 12-006398-FH

Before: HOEKSTRA, P.J., and O'CONNELL and MURRAY, JJ.

PER CURIAM.

Following a jury trial, defendant appeals as of right his conviction for third-degree criminal sexual conduct, MCL 750.520d(b) (sexual penetration, force or coercion). The trial court sentenced defendant as a habitual offender, second offense, MCL 769.10, to 60 to 270 months' imprisonment. Because no impermissible vouching testimony was introduced at trial and the trial court did not abuse its discretion by excluding additional proposed testimony regarding the victim's previous interactions with police, we affirm.

In May of 2012, a friend of the victim's, Amy Nixon, set the victim up on a date with defendant, who was a friend of Nixon's then-boyfriend, Andrew Klein. The two couples went on a double date involving dinner, socializing, and drinking over the course of several hours. At the end of the evening, sometime after midnight, the victim accompanied defendant to his home, where, after some consensual kissing, defendant sexually assaulted the victim. The victim fled defendant's home after the assault, and she then called Nixon and Klein for a ride. Nixon and Klein stayed with the victim at her home until morning, during which time they learned about the sexual assault. Later that same morning the victim reported the incident to police. A jury convicted defendant as noted above. He now appeals as of right.

On appeal, defendant first asserts that he is entitled to a new trial because the trial court permitted Klein to state his opinion of whether the victim had been sexually assaulted. Defendant argues that Klein's testimony vouched for the victim's credibility and constituted impermissible opinion testimony regarding defendant's guilt. Defendant also argues that the prosecutor committed misconduct in eliciting this testimony.

Defendant objected to this line of questioning at trial, but he did not request a curative instruction as required to preserve a claim of prosecutorial misconduct. Consequently, defendant's evidentiary claim has been preserved for review, and we review the trial court's

-1-

evidentiary decision for an abuse of discretion. *People v Roscoe*, 303 Mich App 633, 639; 846 NW2d 402 (2014). We review de novo questions of law regarding whether an evidentiary rule precludes admissibility of evidence. *People v Washington*, 468 Mich 667, 670-671; 664 NW2d 203 (2003). "[A] preserved, nonconstitutional error is not a ground for reversal unless 'after an examination of the entire cause, it shall affirmatively appear' that it is more probable than not that the error was outcome determinative." *People v Lukity*, 460 Mich 484, 496; 596 NW2d 607 (1999) (citation omitted). In comparison, because defendant's claim of prosecutorial misconduct is unpreserved, our review is limited to whether plain error affecting defendant's substantial rights occurred. *People v Abraham*, 256 Mich App 265, 274; 662 NW2d 836 (2003).

Generally, a lay witness may offer an opinion while testifying, provided that the opinion is rationally based on the witness's perceptions and "helpful to a clear understanding of the witness's testimony or the determination of a fact in issue."[1] MRE 701. However, because witness credibility is a question for the jury, a witness may not "comment or provide an opinion on the credibility" of another witness. *People v Musser*, 494 Mich 337, 349; 835 NW2d 319 (2013). "Such comments have no probative value" and do not aid the jury in a determination of guilt or innocence because the jury is equally capable of assessing a witness's credibility. *Id.* (citation omitted). Likewise, because it is solely the jury's function to determine the guilt or innocence of the accused, a witness may not express an opinion on a defendant's guilt or innocence of the charged offense. *People v Fomby*, 300 Mich App 46, 53; 831 NW2d 887 (2013), quoting *People v Bragdon*, 142 Mich App 197, 199; 369 NW2d 208 (1985).

In this case, defendant's claim of improper opinion testimony is without merit because the record does not support his assertion that Klein offered an opinion regarding the victim's credibility or whether she had been sexually assaulted by defendant. It is true that the prosecutor asked Klein whether the victim "appear[ed] to be that of a rape victim[,]" but defense counsel

---

[1] On appeal, defendant acknowledges that Klein did not testify as an expert, but defendant nonetheless asserts that, because the prosecutor asked Klein about his work as a nurse aide at a psych ward and his experience with sexual assault victims in this capacity, the jury may have viewed his testimony as that of an expert or pseudo-expert, which would lend further influence to Klein's improper opinion testimony. It is clear from the record, however, that the prosecutor in no way presented Klein as an expert. In fact, the record discloses that the questions regarding Klein's work experience were asked by the prosecutor to *discredit* Klein because some of Klein's testimony was favorable to defendant, including, for example, his claim that he saw defendant and the victim engaged in voluntary sexual acts in the backseat of a car during their double date. Regarding her intention to discredit Klein, the prosecutor explained to the trial court that Klein "oversold" his qualifications when speaking with police about the case and Klein claimed to have "counseled" sexual assault victims. The truth was that Klein was a nurse aide who did not "counsel" victims and the prosecutor thus chose to explore Klein's employment to show that Klein was prone to "embellish[ing]" and making up "grand stories." See MRE 607; MRE 608. In no way did these efforts to discredit Klein establish him as an expert in sexual assault. And, in any event, as discussed *infra*, Klein did not offer an opinion—lay or expert—regarding whether a sexual assault occurred.

objected before Klein answered and both counsel subsequently agreed that they would not ask Klein's opinion of whether the victim had been sexually assaulted. Klein ultimately did not answer the prosecutor's question, and at no time did Klein offer an opinion of the victim's truthfulness or defendant's guilt.[2] Defendant therefore has not shown that Klein impermissibly vouched for the credibility of the victim's story or offered impermissible opinion testimony as to defendant's guilt. Thus, no evidentiary error occurred. Furthermore, although it appears that the prosecutor had no proper basis for attempting to elicit Klein's opinion regarding whether the victim had been sexually assaulted, defendant was not prejudiced because Klein never answered the question and the jury was instructed that the lawyer's questions were not evidence. Thus, defendant has not shown plain error. See *People v Noble*, 238 Mich App 647, 661; 608 NW2d 123 (1999).

Defendant next argues that the trial court erred in denying his motion to call three witnesses who would testify that police did not mistreat the victim during her prior encounter with police, which resulted in her arrest for domestic assault in 2011. Defendant asserts that the trial court's ruling deprived him of his right to present a defense because the victim testified that her mistreatment by police in 2011 led her to delay reporting the sexual assault and the testimony of the excluded witnesses would have impeached her on this point.

Criminal defendants have a due process right to present a defense, *People v Anstey*, 476 Mich 436, 460; 719 NW2d 579 (2006), but this right is not absolute, and defendants must comply with "established rules of procedure and evidence designed to assure both fairness and reliability in the ascertainment of guilt and innocence," *People v Hayes*, 421 Mich 271, 279; 364 NW2d 635 (1984) (citation omitted). The right to present a defense extends only to relevant and admissible evidence. *People v Danto*, 294 Mich App 596, 604; 822 NW2d 600 (2011). For example, "MRE 608(b) generally prohibits impeachment of a witness by extrinsic evidence regarding collateral, irrelevant, or immaterial matters[.]" *People v Spanke*, 254 Mich App 642, 644; 658 NW2d 504 (2003). Thus, a cross-examining attorney must generally accept the answer given by a witness regarding a collateral matter and may only may impeach a witness with extrinsic evidence on matters closely bearing on defendant's guilt or innocence, matters related to a witness's bias or interest, or matters related to any part of the witness's account of the

---

[2] Defendant notes on appeal that, elsewhere in his testimony, Klein stated that, after driving the victim home, he came to the "assumption" based on his observations that the victim had been "raped" and, when talking with the victim, she "agreed" with his "assumption." Defendant fails to mention, however, that this discussion of Klein's "assumptions" arose during cross-examination by defense counsel and, in these circumstances, he has waived review of these remarks because his own counsel's conduct directly caused any potential error. See *People v McPherson*, 263 Mich App 124, 139; 687 NW2d 370 (2004); see also *Braverman v Granger*, 303 Mich App 587, 608; 844 NW2d 485 (2014). Moreover, in context, it is clear from the record that defense counsel pursued this line of questioning to discredit the veracity and reliability of the victim's disclosures, not to bolster the victim's credibility with the assertion that Klein believed she had been sexually assaulted. These questions and responses were thus favorable to defendant's position, and Klein's remarks do not entitle defendant to relief.

background and circumstances of a material transaction which, as a matter of human experience, he would not have been mistaken about if his story were true. *People v LeBlanc*, 465 Mich 575, 590; 640 NW2d 246 (2002) (quotations omitted); *People v Rosen*, 136 Mich App 745, 759; 358 NW2d 584 (1984) (quotations omitted). In addition, a trial court may exclude evidence if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, misleading the jury, undue delay, waste of time, or needless presentation of cumulative evidence. MRE 403.

In this case, the material issue at trial was whether defendant had sexually assaulted the victim or whether, as defendant claimed, she fabricated the story because she suffered from "buyer's remorse" after engaging in consensual sex with defendant. Potentially relevant to resolution of this matter was the issue of why, if the victim had been sexually assaulted, she did not immediately report the incident to police. See generally *People v Smith*, 205 Mich App 69, 75; 517 NW2d 255 (1994). The victim testified that her reporting delay of several hours stemmed from her previous experience with police in 2011. The victim explained that in 2011, she was charged with domestic violence after she slapped her then-husband. The victim fully acknowledged that she slapped her husband, that the police were called, that she was arrested, that she pled guilty to domestic violence, and that she lost her children for three weeks due to a no-contact order that was put in place. The victim made no claim that the police physically harmed her in anyway; instead, she indicated simply that the situation was "unfair" and, as a result of this incident, she "did not have much faith" in the justice system.

On this record, the trial court did not abuse its discretion by excluding evidence from the victim's ex-husband and police officers. Defense counsel explained at trial that he intended to offer this testimony to show that the victim was not mistreated by police during the earlier domestic violence issue. But, fairly considered, the victim's claim of mistreatment amounted to nothing more than the subjective assertion that she was unhappy with having been arrested and deprived of her children for three weeks. She fully admitted that she slapped her ex-husband, meaning that the arrest was clearly not unlawful; she also made no claim of physical violence by police and she ultimately described nothing more than a simple arrest. Given the substance of her testimony, evidence from other witnesses that she was not "mistreated" during the arrest would have been largely duplicative of the victim's own testimony, meaning that it had no impeachment value and was properly excluded as cumulative under MRE 403. Indeed, the pertinent fact of the victim's arrest was not in dispute, and more detailed particulars surrounding this unrelated domestic violence incident were simply irrelevant to the material issues at trial.[3]

_____

[3] For instance, defendant also specifically argued at trial, and on appeal, that the witnesses should have been allowed to testify in order to establish that the victim's ex-husband's wounds were not self-inflicted. Relevant to this argument, the victim admitted at trial that she slapped her ex-husband, but, in response to questions from defense counsel, she also claimed that some of the scratches and marks on his face were self-inflicted. Plainly, the disputed minute particulars of an unrelated domestic violence incident constituted a collateral issue, and the trial court did not abuse its discretion by excluding extrinsic evidence on this point to impeach the victim's testimony. See *LeBlanc*, 465 Mich at 590.

Beyond the minimal relevance of the testimony the witnesses would have offered, the trial court also reasonably concluded that this testimony would confuse and distract the jury from the issues at hand. See MRE 403. Consequently, the trial court did not abuse its discretion by preventing defense counsel from presenting extrinsic evidence on this collateral issue. See MRE 608(b).

Further, the trial court's exclusion of these witnesses also did not deny defendant the constitutional right to present a defense. There was evidence on the record establishing the matters to which defendant's proffered witnesses would have testified. And, defense counsel in fact argued during closing that, based on the victim's description of the domestic violence incident and her description of her arrest, any claim that the victim had been "mistreated" by police was "[a]bsolute hogwash" and "an absolute lie." Thus, even without extrinsic impeachment evidence, defendant was able to present his theory to the jury, and he was not denied his right to present a defense. See *People v Steele*, 283 Mich App 472, 489; 769 NW2d 256 (2009).

Affirmed.

/s/ Joel P. Hoekstra
/s/ Peter D. O'Connell
/s/ Christopher M. Murray