# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

WILLIAM CLYDE HARRIS,

        Defendant-Appellant.

UNPUBLISHED
November 22, 2016

No. 327873
Leelanau Circuit Court
LC No. 2015-001858-FC

Before: TALBOT, C.J., and O'CONNELL and OWENS, JJ.

PER CURIAM.

A jury convicted defendant of one count of second-degree home invasion,[1] MCL 750.110a(3), and the trial court sentenced defendant as an habitual offender, fourth offense, MCL 769.12, to a prison term of 10 to 25 years. Defendant appeals as of right. We affirm.

Defendant's conviction arises from a home invasion that occurred at the home of John Lata on Windcrest Court in Traverse City on May 24, 2012. Tosha Barbee testified, pursuant to a plea agreement, that she and defendant broke into a number of homes in Leelanau County, including the Lata home, to steal items that they could sell to support their drug habit.

I

Defendant first argues that prosecutor error denied him a fair trial. He complains that the prosecutor elicited "vouching testimony from Detective Bailey about the actions he took to make sure he had the right people and by his comments in closing argument denigrating Mr. Harris" by "telling the jury that he was glad Mr. Harris told his tale." This quotation is the entirety of defendant's argument. Defendant has not identified the allegedly improperly elicited testimony, nor has he explained how the testimony and remarks were improper or how they deprived him of a fair trial. Defendant's argument on this unpreserved issue is cursory and does not explain or rationalize defendant's position. An appellant's failure to address the merits of his assertion of error constitutes abandonment of the issue. *People v Harris*, 261 Mich App 44, 50; 680 NW2d

---

[1] The jury could not reach a verdict on four additional counts of second-degree home invasion and the trial court declared a mistrial and dismissed the charges without prejudice.

-1-

17 (2004).[2]  And, because defendant failed to establish plain error related to the prosecutor's questions or remarks, his related claim that counsel was ineffective for failing to object also fails.

II

Defendant argues that he was denied the effective assistance of counsel because his counsel failed to impeach two witnesses' testimony regarding Barbee's truthfulness with inconsistent statements that the witnesses allegedly made during the course of the investigation. Defendant failed to preserve this claim by raising it in a motion for a new trial or a *Ginther*[3] hearing in the lower court.  This Court's review of unpreserved ineffective assistance of counsel claims is limited to mistakes apparent on the record.  *People v Davis,* 250 Mich App 357, 368; 649 NW2d 94 (2002).

In support of this argument, defendant has attached to his Standard 4 brief a copy of an e-mail from a defense private investigator to defense counsel that summarizes what the investigator was told by a number of witnesses that he interviewed, including the witnesses who defendant argues should have been impeached at trial.  The attached document, however, is not a part of the lower court record and therefore constitutes an impermissible attempt to expand the record on appeal.[4]  See *People v Powell*, 235 Mich App 557, 561 n 4; 599 NW2d 499 (1999). Because defendant has failed to establish the factual predicate for his claim, it necessarily fails. See *People v Hoag*, 460 Mich 1, 6; 594 NW2d 57 (1999).

III

The remainder of defendant's arguments have been raised in a Standard 4 brief. Defendant argues that the prosecution presented insufficient evidence to support defendant's conviction.  When reviewing a sufficiency challenge, "evidence is reviewed de novo, in a light most favorable to the prosecution, to determine whether the evidence would justify a rational jury's finding that the defendant was guilty beyond a reasonable doubt."  *People v McGhee,* 268 Mich App 600, 622; 709 NW2d 595 (2005).

"Due process requires that the prosecutor introduce sufficient evidence which could justify a trier of fact in reasonably concluding that defendant is guilty beyond a reasonable doubt before a defendant can be convicted of a criminal offense."  *People v Hampton,* 407 Mich 354, 368; 285 NW2d 284 (1979).  "All conflicts in the evidence must be resolved in favor of the prosecution and [this Court] will not interfere with the jury's determinations regarding the

---

[2] Nonetheless, a review of the transcript pages cited by defendant reveals no plain error.  *People v Carines*, 460 Mich 750, 763-764; 597 NW2d 130 (1999).

[3] *People v Ginther*, 390 Mich 436; 212 NW2d 922 (1973).

[4] The e-mail was discussed on the record in connection with a letter from the private investigator to defense counsel with regard to concerns that he had about testifying that day.  The prosecutor stated that he had never received a copy of the e-mail, and the e-mail was not admitted into evidence.

weight of the evidence and the credibility of the witnesses." *People v Unger,* 278 Mich App 210, 222; 749 NW2d 272 (2008). "Circumstantial evidence and reasonable inferences arising from that evidence can constitute satisfactory proof of the elements of a crime." *People v Allen,* 201 Mich App 98, 100; 505 NW2d 869 (1993).

Defendant was convicted of second-degree home invasion, MCL 750.110a(3), which provides:

> A person who breaks and enters a dwelling with intent to commit a felony, larceny, or assault in the dwelling, a person who enters a dwelling without permission with intent to commit a felony, larceny, or assault in the dwelling, or a person who breaks and enters a dwelling or enters a dwelling without permission and, at any time while he or she is entering, present in, or exiting the dwelling, commits a felony, larceny, or assault is guilty of home invasion in the second degree.

The gist of defendant's argument is that Barbee was a liar and not a credible witness, that she was "coached," and that no physical evidence linked him to the Lata home invasion. However, as noted above, credibility of a witness is a determination for the jury, and circumstantial evidence and reasonable inferences arising from that evidence can constitute satisfactory proof of the elements of a crime.

Here, the prosecution presented evidence that Barbee owned a red Dodge Durango at the time of the Lata home invasion and that a red Dodge Durango containing a white male driver, a female passenger, and a dog was observed on May 24, 2012, driving up the private road leading to the Lata home as Robert Lata, John's son, was driving away from the home. Luke Johnson, a neighbor of the Latas, observed the Durango parked at the Lata residence. Barbee testified that she and defendant drove to the Lata home in her Durango and that defendant was driving and she was in the passenger seat. Barbee testified that she and defendant were wearing gloves when they broke into the Lata home and stole a loaded gun safe, marijuana, DVDs, electronics, and jewelry. She testified that defendant was from the Flint area and that she and defendant drove to Flint and sold the stolen items to drug dealers in exchange for drugs and cash. Two guns stolen from the Lata home were recovered in the Flint area. Viewed in the light most favorable to the prosecution and leaving issues of credibility to the trier of fact, the evidence presented was sufficient to allow a reasonable trier of fact to find beyond a reasonable doubt that defendant broke into and entered the Lata residence and committed the offense of larceny. The evidence was sufficient to support the jury's finding that defendant committed second-degree home invasion.

IV

Defendant also argues that the prosecutor denied him of a fair trial by threatening defendant's private investigator, causing him to invoke his Fifth Amendment privilege and denying defendant the right to present witnesses in his own defense. This Court reviews de novo issues of prosecutor misconduct to determine whether the defendant was denied a fair and impartial trial. *People v Bennett,* 290 Mich App 465, 475; 802 NW2d 627 (2010).

We are unable to discern defendant's argument with respect to the private investigator's testimony because, even though the investigator had initially stated in a letter to defense counsel that he was unable to testify, the investigator never invoked his Fifth Amendment privilege, was specifically granted immunity, and did testify at trial. Even assuming that the prosecutor intimated the witness, the intimidation did not result in the witness's unavailability and did not violate defendant's right to present witnesses in his own defense. Consequently, defendant was not denied a fair and impartial trial.

V

Defendant asserts that he was denied a fair trial by the prosecutor's presentation of Barbee's testimony, which he characterizes as "false." The record does not support defendant's claim that the prosecutor knowingly presented or failed to correct false testimony at trial. A defendant's due process rights are violated when his conviction is "obtained through the knowing use of perjured testimony." *People v Aceval,* 282 Mich App 379, 389; 764 NW2d 285 (2009). "[A] prosecutor has an obligation to correct perjured testimony that relates to the facts of the case or a witness's credibility." *People v Gratsch,* 299 Mich App 604, 619; 831 NW2d 462 (2013), vacated in part on other grounds 495 Mich 876 (2013). Here, defendant's claim of misconduct is predicated on Barbee's testimony that when she was using drugs she would lie and "say anything to get out of trouble." Barbee testified throughout the trial that she had lied to the police, that she had lied to her grandmother, and that she had lied to defendant when she was in jail. She also testified, however, that she was no longer taking drugs, that she was in prison and wanted to turn her life around, and that she was testifying truthfully at trial. Defendant has not established that the prosecutor knowingly allowed false testimony to stand uncorrected.

VI

Defendant argues that the trial court erred by admitting evidence of defendant's 2007 conviction for breaking and entering. Defense counsel conceded in his second motion in limine that the 2007 conviction was "admissible under MRE 404(b) and/or MRE 609."[5] This issue has been waived. *People v Carter,* 462 Mich 206, 215; 612 NW2d 144 (2000).

VII

Defendant maintains that the trial court abused its discretion by admitting evidence of jailhouse recorded phone conversations between defendant and Barbee. Defendant cites only "Tr V, p 54" in support of his assertion that he was prejudiced when the jury was informed that the calls were recorded at the county jail. Defendant did not object and, in fact, it was defense counsel who introduced the recorded conversation. This issue is waived.

---

[5] The prosecution moved in limine for a ruling regarding the admissibility of the 2007 conviction under MRE 609. Contrary to defendant's argument in his Standard 4 brief, the prosecution did not move to admit evidence of the prior conviction under MRE 404(b).

Defendant also cursorily asserts that the recorded conversations were erroneously admitted to inflame the jury and that the trial court erred by refusing to listen to the conversations before admitting them. Defendant cites only general case law regarding the admissibility of evidence and does not provide any authority in support of his specific assertions. He does not provide any analysis of the issue and has provided no citation to the record. "An appellant may not merely announce his position and leave it to this Court to discover and rationalize the basis for his claims, nor may he give only cursory treatment [of an issue] with little or no citation of supporting authority" (citation and quotation marks omitted). *People v Schumacher*, 276 Mich App 165, 178; 740 NW2d 534 (2008). This argument is abandoned.

## VIII

Defendant contends that he was denied a fair trial because the trial court allowed the prosecutor to ask defendant if he was guilty. Because defendant did not object to the questions challenged on appeal, our review is limited to plain error affecting defendant's substantial rights. *Carines*, 460 Mich at 763-764.

It is impermissible for a witness to express his or her opinion regarding the defendant's guilt or innocence. *People v Parks*, 57 Mich App 738, 750; 226 NW2d 710 (1975). This determination must be left to the trier of fact with few exceptions. *People v Bragdon*, 142 Mich App 197, 199; 369 NW2d 208 (1985). Reading in context the testimony that this Court assumes defendant is challenging, it is apparent that the prosecutor's cross-examination was responsive to defendant's testimony on direct examination that he was not involved in any of the home invasions for which he was charged. This case is distinguishable from *Bragdon*, where the prosecutor openly asked the defendant, "So you're guilty of the crime?" *Id*. at 199. No such inquiry was directed to defendant in this case. Defendant has failed to demonstrate plain error affecting his substantial rights.

## IX

Defendant argues that the trial court erred by granting a mistrial and dismissing without prejudice the four counts on which the jury was unable to reach a verdict. He contends that the court was required to provide the jury with a deadlocked jury instruction because "the court is required to instruct the jury on the law applicable to the case" and, in the alternative, he argues that the dismissal should have been with prejudice because dismissal without prejudice subjects him to the possibility of double jeopardy.

Contrary to defendant's assertion, a deadlocked jury instruction is not an instruction on "the law applicable to the case." Here, the prosecutor agreed to dismiss the four charges and not retry defendant on the charges except in the "unlikely event that this Court were to reverse" defendant's lone conviction. The trial court did not err by declaring a mistrial as a result of the jury's inability to reach a verdict with respect to the four counts.

Further, because the trial court declared a mistrial as the result of a hung jury, jeopardy did not attach and, therefore, double jeopardy would not preclude a retrial on the four counts in the event that this Court were to reverse defendant's conviction. *People v Ackah–Essien*, 311 Mich App 13, 32; 874 NW2d 172 (2015).

Affirmed.

/s/ Michael J. Talbot
/s/ Peter D. O'Connell
/s/ Donald S. Owens