PEOPLE v SMITH

Docket No. 146170. Submitted January 6, 1994, at Grand Rapids. Decided May 2, 1994, at 9:55 A.M. Leave to appeal sought.

Jeffrey N. Smith was convicted by a jury in the Antrim Circuit Court, Philip E. Rodgers, Jr., J., of four counts of first-degree criminal sexual conduct and four counts of "child sexually abusive activity." He appealed.

The Court of Appeals *held:*

1. Testimony by the victim, a girl under the age of thirteen, that the defendant had her perform fellatio on at least five occasions was sufficient evidence in support of the convictions of first-degree criminal sexual conduct.

2. Testimony by the victim that the defendant took photographs of her while she touched her genitals was sufficient evidence to support conviction of one count of child sexually abusive activity, but not four counts. Subsection 2 of MCL 750.145c; MSA 28.342a provides that a person is guilty of child sexually abusive activity if the person makes child sexually abusive material. Subsection 1(i) defines "child sexually abusive material" to include any photographic image of a child engaging in a listed sexual act. Subject 1(e) includes masturbation among the listed sexual acts covered by the statute. Subsection 1(f) defines masturbation to include touching of the genital or pubic area. Because the victim's testimony established only one such instance of photography by the defendant, three of the convictions of child sexually abusive activity must be set aside.

3. The trial court did not err in allowing the prosecution to present as part of its case in chief expert testimony concerning the victim's three-year delay in reporting the sexual abuse at issue. Although an expert may not, on the basis of the child sexual abuse syndrome, render an opinion regarding whether an alleged victim, in fact was abused, the expert may testify concerning whether particular conduct by the victim is consistent with having been abused to rebut an inference that the conduct is inconsistent with abuse. Such testimony can be

REFERENCES
Am Jur 2d, Expert and Opinion Evidence § 180; Infants § 17.5.
See ALR Index under Children; Expert and Opinion Evidence.

presented in the prosecution's rebuttal after a defendant has raised an issue concerning a victim's conduct being inconsistent with abuse or in the prosecution's case in chief where, as in this case, the testimony is offered to rebut an inference about the victim's credibility that could be drawn by the trier of fact on the basis of the delay in the reporting of the abuse.

Affirmed in part and reversed in part.

RAPE — CRIMINAL SEXUAL CONDUCT — CHILD SEXUAL ABUSE SYN-
DROME — EXPERT TESTIMONY.

An expert witness generally is not allowed to render, on the basis of evidence of child sexual abuse syndrome, an opinion regarding whether an alleged victim of child sexual abuse was in fact abused, but may testify concerning whether particular conduct by the victim is consistent with having been abused to rebut an inference that the conduct is inconsistent with abuse, and may do so during the prosecution's case in chief where the testimony is offered to rebut an inference about the victim's credibility that could be drawn by the trier of fact on the basis of the victim's delay in reporting the abuse.

*Frank J. Kelley,* Attorney General, *Thomas L. Casey,* Solicitor General, *Charles H. Koop,* Prosecuting Attorney, and *Charles D. Hackney,* Assistant Prosecuting Attorney, for the people.

*Earl R. Spuhler,* for the defendant on appeal.

Before: SAWYER, P.J., and NEFF and M. J. TAL-BOT,* JJ.

SAWYER, P.J. Defendant was convicted, following a jury trial, of four counts of first-degree criminal sexual conduct, MCL 750.520b(1)(a); MSA 28.788(2)(1)(a), and four counts of "child sexually abusive activity," MCL 750.145c(2); MSA 28.342a(2). Defendant thereafter pleaded guilty of being a habitual offender (fourth offense). MCL 769.12; MSA 28.1084. Defendant was sentenced to life imprisonment for the criminal sexual conduct convictions and to thirteen years, four months to twenty years

---

* Circuit judge, sitting on the Court of Appeals by assignment.

in prison for the child sexually abusive activity convictions. He now appeals and we affirm in part and reverse in part.

Defendant first argues that there was insufficient evidence to support his convictions of criminal sexual conduct. We disagree. We review a claim regarding the sufficiency of the evidence by looking at the evidence in the light most favorable to the prosecution and determining whether a rational trier of fact could find that each element of the offense was proven beyond a reasonable doubt. *People v Hampton,* 407 Mich 354, 368; 285 NW2d 284 (1979).

The substance of defendant's argument is that there was conflicting evidence presented concerning his guilt. However, the question is not whether there was conflicting evidence, but rather whether there was evidence that the jury, sitting as the trier of fact, could choose to believe and, if it did so believe that evidence, that the evidence would justify convicting defendant. In this case, the victim, who was under the age of thirteen, testified that defendant had her perform fellatio on him on at least five separate occasions. If the jury chose to believe the victim's testimony, they would be justified in convicting defendant of four counts of criminal sexual conduct in the first degree.

Next, defendant argues that there was insufficient evidence to convict him of child sexually abusive activity. Defendant claims that no evidence whatsoever was presented supporting the charge. However, the victim testified that defendant took pictures of her while she was "holding her privates" (i.e., masturbating). Under MCL 750.145c(2); MSA 28.342a(2), a person is guilty of child sexually abusive activity if, inter alia, the person makes child sexually abusive material. Under MCL 750.145c(1)(i); MSA 28.342a(1)(i), child

sexually abusive material includes any photographic image of the child engaging in a listed sexual act. Under MCL 750.145c(1)(e); MSA 28.342a(1)(e), a listed sexual act includes masturbation. Under MCL 750.145c(1)(f); MSA 28.342a(1)(f), masturbation means the real or simulated touching, rubbing, or otherwise stimulating of a clothed or unclothed genital, pubic area, buttocks, or female breast, for the purpose of real or simulated overt sexual gratification or arousal. We believe that defendant's act of having the victim touch her genital area while the defendant was taking a photograph comes sufficiently within this definition to allow a rational trier of fact to conclude that the victim was masturbating while defendant was making a photograph of her masturbating, thus allowing the jury to convict defendant of making child sexually abusive material and, therefore, rendering defendant guilty under the statute.

However, we agree with defendant that the evidence presented by the prosecutor was scant with respect to the number of occasions on which this conduct occurred. Even viewing the evidence in the light most favorable to the prosecutor, we can conclude that defendant took more than one photograph, but only on one occasion. It cannot be discerned from the victim's testimony exactly how many photographs were taken (she only refers to "pictures" in the plural) and the victim only specifically described one occasion on which defendant took photographs.[1] Accordingly, while we conclude

[1] We do note, as defendant points out, that the victim's testimony was not entirely consistent in this area. The one instance in which the victim did describe defendant taking pictures of her masturbating, she stated that he then had her perform fellatio on him. However, later in her testimony, the victim stated that defendant never took photographs on the occasions in which he required her to perform fellatio. These inconsistencies do not create a lack of sufficiency of evidence, because they were issues for the jury to resolve in determining the credibility of the witness' testimony.

that the witness did give testimony sufficient to allow the conclusion by the jury that defendant committed one count of child sexually abusive activity, we cannot say that there was sufficient evidence to justify the conclusion that defendant committed four counts of child sexually abusive activity. Accordingly, we set aside three of defendant's four convictions of child sexually abusive activity, leaving in place only one conviction and sentence for that offense.

Defendant next argues that the trial court erred in allowing expert testimony concerning the delayed reporting of abuse, particularly with respect to allowing the prosecutor to introduce such evidence during his case in chief when the issue of delay had not been raised by the defense. We disagree. The Supreme Court restricted the use of expert testimony concerning child sexual abuse syndrome in *People v Beckley,* 434 Mich 691; 456 NW2d 391 (1990). Generally speaking, the Court held that while an expert cannot render, on the basis of the syndrome evidence, an opinion on whether the alleged victim was in fact abused, the expert is allowed to testify concerning whether particular conduct by the victim is consistent with having been abused to rebut an inference that the conduct is inconsistent with abuse. With respect to this latter point, the Court summarized its holding as follows:

We therefore conclude and would hold that persons otherwise properly qualified as experts in dealing with sexually abused children should be permitted to rely on their own experience and their knowledge of the experience of others to rebut an inference that specific behavioral patterns attributed to the victim are not uncharacteristic of the class of child sexual abuse victims. . . . Expert testimony should be admissible only to the

extent that it is directed towards providing an explanation of a specific behavior attributable to the complainant. [*Id.* at 733.]

Defendant first suggests that the holding in *Beckley* prevents the prosecutor from presenting such evidence during his case in chief. We disagree. While the Court did state that such evidence was to be used to rebut the inference that the victim acted inconsistently with abuse, the Court did not state that such evidence must be presented during rebuttal rather than during the case in chief. Indeed, in *Beckley,* the evidence was presented during the prosecutor's case in chief.

The real issue, which defendant also addresses, is whether the prosecutor is restricted from introducing such evidence until after such time as the defendant has raised an issue concerning the victim's credibility on the basis of her conduct, such as in this case, the delayed reporting of the abuse by the victim. Defendant suggests that the holding in *Beckley* requires that defendant first raise such an issue before the prosecutor may introduce evidence concerning the victim's conduct being consistent with child sexual abuse. It is true that in *Beckley* the expert testimony was not presented until after the defendant had raised the issue on cross-examination of the victim. However, we are not persuaded that the rule announced in *Beckley* requires that the defendant raise the issue.

As indicated in the quotation above, the *Beckley* Court concluded that such expert testimony was permissible in order to rebut the inference that specific behavior by the victim is uncharacteristic of child sexual abuse victims. The holding of the trial court in this case in allowing the expert to testify concerning the delayed reporting by the victim was based essentially on a determination

that the jury would, on its own, draw inferences about the victim's credibility from the approximate three-year delay in reporting the abuse. We agree with the trial court and the prosecutor that there was a legitimate concern by the prosecutor that the jury may have concluded that the victim's testimony lacked credibility on the basis of the delay in reporting the abuse, unless that delay was explained to the jury. The expert's testimony was designed to rebut such an inference.

In his brief, defendant correctly points out that this case essentially involved a credibility contest between the victim and defendant. Defendant is also correct in pointing out that syndrome evidence is not admissible to prove that the child is telling the truth. However, the testimony introduced in this case was not designed to prove that the child was telling the truth or to enhance the victim's credibility, but merely to address potential concerns regarding the victim's credibility in light of the fact that the victim did not report the abuse for three years. The evidence was used precisely for the purpose allowed by *Beckley:* to reinforce the victim's credibility against incorrect inferences arising from the delay in reporting rather than for the impermissible purpose of increasing the victim's credibility because she acted consistently with the child sexual abuse syndrome.

For the above reasons, we conclude that the trial court correctly determined that the expert testimony was admissible. Furthermore, we are also satisfied that the expert testified within the constraints allowed by *Beckley.*

Defendant's final argument on appeal is that the prosecutor made improper comments during rebuttal argument that defendant had hidden certain pornographic videotapes and pictures of the victim so that they could not be found by the police, thus

shifting the burden of proof to defendant. However, by not raising a timely objection in the trial court, defendant failed to preserve this issue for appeal. *People v Vaughn,* 186 Mich App 376; 465 NW2d 365 (1990).

Affirmed in part and reversed in part.