# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

BERNARD DALE BRASSEUR,

        Defendant-Appellant.

UNPUBLISHED
April 16, 2015

No. 319285
Cheboygan Circuit Court
LC No. 13-004666-FC

Before: O'CONNELL, P.J., and FORT HOOD and GADOLA, JJ.

PER CURIAM.

Defendant appeals as of right from his conviction following a jury trial of two counts of first-degree criminal sexual conduct (CSC I), contrary to MCL 750.520b(1)(a). Defendant was sentenced as a second habitual offender, MCL 769.10, to concurrent prison terms of 20 to 40 years. For the reasons below, we affirm.

## I. FACTS

Defendant was accused of digitally penetrating his two daughters, SC and FB, when they were under 13 years of age. At trial, SC testified that defendant first touched her inappropriately when she was about five years old. She explained that defendant climbed into bed with her one night, pulled her on top of him with her back to his chest, and began moving her back and forth. She said he then rolled her over, began rubbing her vaginal area, and penetrated her vagina with his finger. SC said defendant touched her vagina with his hands again when she was about ten years old. She did not report the abuse until 2012, when she suspected that defendant was abusing her three-year-old daughter.

FB testified that defendant inappropriately touched her when she was eight years old. According to FB, defendant picked her up while lying on a couch, put her on top of him so that her back was on his stomach, and began rubbing her vaginal area. FB explained that defendant then rolled her onto her side and penetrated her vagina with his finger. FB testified that she reported the incident to her mother two weeks later, and she overheard defendant admit what he had done. FB said defendant inappropriately touched her again when she was 15, and she reported the incident to her mother and a teacher. FB said she later recanted her allegations because she was fearful of defendant.

-1-

The prosecutor also elicited testimony from two other women who claimed that defendant sexually abused them when they were children. Defendant's cousin, TC, testified that defendant penetrated her vagina with his finger in the early 1970s, when she was between five and eight years old. Defendant's sister, KK, testified that defendant persuaded her to have sexual intercourse with him around 1983, when she was 11 years old and he was approximately 25 years old. Both TC and KK said they came forward after hearing allegations that defendant was sexually abusing SC's daughter.

Defendant denied any improper sexual contact with SC, FB, TC, or KK. He explained that KK asked him to be her child's godfather in the late 1990s. He testified that SC accused him of touching her daughter after defendant accused SC's husband of abusing Ritalin. SC acknowledged that her report followed a fight between defendant and her husband. Defendant's son testified that SC and FB had reputations for dishonesty and that he never saw defendant exhibit sexually inappropriate behavior. The jury found defendant guilty of all counts charged.

## II. ANALYSIS
### A. SUFFICIENCY OF EVIDENCE

Defendant first argues that there was insufficient evidence to support his convictions. We review sufficiency of the evidence claims de novo. *People v Ericksen*, 288 Mich App 192, 195; 793 NW2d 120 (2010). "To determine whether the prosecutor has presented sufficient evidence to sustain a conviction, we review the evidence in the light most favorable to the prosecutor and determine whether a rational trier of fact could find the defendant guilty beyond a reasonable doubt." *People v Smith-Anthony*, 494 Mich 669, 676; 837 NW2d 415 (2013) (citation and internal quotation marks omitted). In reviewing a sufficiency claim, we draw all reasonable inferences and credibility determinations in favor of the prosecution. *People v Nowack*, 462 Mich 392, 400; 614 NW2d 78 (2000). Reasonable inferences arising from circumstantial evidence can provide sufficient proof of the elements of a charged crime. *People v Carines*, 460 Mich 750, 757; 597 NW2d 130 (1999).

To prove CSC I under MCL 750.520b(1)(a), the prosecution must show that "(1) the defendant engaged in sexual penetration with another person and (2) the other person was under 13 years of age." *People v Lockett*, 295 Mich App 165, 187; 814 NW2d 295 (2012). " 'Sexual penetration' means sexual intercourse, cunnilingus, fellatio, anal intercourse, or any other intrusion, however slight, of any part of a person's body or of any object into the genital or anal openings of another person's body, but emission of semen is not required." MCL 750.520a(r).

SC and FB each testified unequivocally that defendant penetrated their vaginas with his finger when they were under 13 years of age. Defendant contends that their testimony was insufficient to support his convictions because there was no physical evidence of his guilt. However, as this Court concluded in *People v Smith*, 205 Mich App 69, 71; 517 NW2d 255 (1994), the jury was justified in finding defendant guilty if it believed the victims' testimony. Further, under MCL 750.520h, the testimony of a victim need not be corroborated in prosecutions under MCL 750.520b.

Defendant also complains that SC's and FB's testimony was not sufficiently credible. Defendant correctly observes that the jury was presented with evidence calling into question

SC's and FB's credibility; however, we will not second-guess a jury's credibility determinations. *People v Palmer*, 392 Mich 370, 376; 220 NW2d 393 (1974). Accordingly, we conclude that there was sufficient evidence for a rational trier of fact to convict defendant of two counts of CSC I beyond a reasonable doubt.

## B. OTHER-ACTS EVIDENCE

Defendant next argues that the trial court should not have allowed TC and KK to testify that defendant previously committed uncharged sexual offenses against them. "The decision whether to admit evidence is within the discretion of the trial court and will not be disturbed on appeal absent a clear abuse of discretion." *People v Aldrich*, 246 Mich App 101, 113; 631 NW2d 67 (2001). Whether a rule of evidence or a statute precludes the admissibility of evidence is a legal question that we review de novo. *People v Lukity*, 460 Mich 484, 488; 596 NW2d 607 (1999). A preserved evidentiary error does not warrant reversal unless it is more probable than not that the error was outcome determinative. *Id.* at 495-496.

The trial court permitted TC and KK to testify under MCL 768.27a that defendant committed uncharged sexual offenses against them when they were minors. MCL 768.27a(1) provides that "in a criminal case in which the defendant is accused of committing a listed offense against a minor,[1] evidence that the defendant committed another listed offense against a minor is admissible and may be considered for its bearing on any matter to which it is relevant." Although MRE 404(b) states that "[e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith," our Supreme Court has held that MCL 768.27a "establishes an exception to MRE 404(b) in cases involving a charge of sexual misconduct against a minor." *People v Watkins*, 491 Mich 450, 471; 818 NW2d 296 (2012).

Defendant complains that the trial courts use of MCL 768.27a violated the Ex Post Facto Clauses of the United States and Michigan Constitutions because the statute was enacted after the alleged offenses against TC and KK occurred and allowed the prosecutor to introduce testimony that was otherwise barred by MRE 404(b). We rejected this same argument in *People v Pattison*, 276 Mich App 613, 618-619; 741 NW2d 558 (2007). MCL 768.27a did not lower the standard for defendant's conviction, and SC's and FB's testimony was legally sufficient to convict defendant regardless of whether the court admitted TC's and KK's testimony. Accordingly, the application of MCL 768.27a did not give rise to an ex post facto violation.

Defendant argues that TC's and KK's testimony was irrelevant. However, our Supreme Court "has long recognized that a defendant's character and propensity to commit the charged offense is highly relevant because an individual with a substantial criminal history is more likely to have committed a crime than is an individual free of past criminal activity." *Watkins*, 491 Mich at 470 (internal quotation marks and citation omitted). Nevertheless, courts must consider whether the probative value of evidence admitted pursuant to MCL 768.27a(1) is substantially

---

[1] A listed offense under MCL 768.27a includes CSC I under MCL 750.520b. *People v Buie*, 298 Mich App 50, 71; 825 NW2d 361 (2012).

outweighed by the danger of unfair prejudice under MRE 403. *Pattison*, 276 Mich at 621. "Evidence is unfairly prejudicial when there exists a danger that marginally probative evidence will be given undue or preemptive weight by the jury." *People v Crawford*, 458 Mich 376, 398; 582 NW2d 785 (1998). Defendant fails to explain why TC's and KK's testimony was unfairly prejudicial. Although TC and KK testified about events that allegedly occurred several decades before trial, defendant's attorney pointed out the time gaps for the jury, as well as various inconsistencies in the testimony. Therefore, we conclude that the probative value of the testimony was not substantially outweighed by the danger of unfair prejudice.

## C. JURY INSTRUCTIONS

Defendant claims that the trial court erred in instructing the jury that the victims' testimony, if believed, was sufficient to prove defendant's guilt beyond a reasonable doubt. We review jury instructions in their entirety to determine whether an error occurred that requires reversal. *Aldrich*, 246 Mich App at 124. Defendant concedes that the instruction was legally correct. Because the challenged instruction was an accurate statement of the law, the trial court did not err. See *Smith*, 205 Mich App at 71; see also MCL 750.520h.

## D. POLYGRAPH REFERENCE

Defendant asserts that the trial court improperly denied his motion for a mistrial on the basis that the prosecutor raised the issue of a polygraph test before the jury. "A trial court should only grant a mistrial when the prejudicial effect of the error cannot be removed in any other way," and jury "instructions are presumed to cure most errors." *People v Horn*, 279 Mich App 31, 36; 755 NW2d 212 (2008). "Although reference to a polygraph test is inadmissible, . . . it does not always constitute error requiring reversal." *People v Nash*, 244 Mich App 93, 98; 625 NW2d 87 (2000). This Court considers the following factors in determining whether polygraph references are prejudicial to a defendant:

> (1) whether defendant objected and/or sought a cautionary instruction; (2) whether the reference was inadvertent; (3) whether there were repeated references; (4) whether the reference was an attempt to bolster a witness's credibility; and (5) whether the results of the test were admitted rather than merely the fact that a test had been conducted. [*Id.* (internal quotation marks and citations omitted).]

At trial, the prosecutor made a brief and isolated polygraph reference when he asked defendant's son if he remembered telling a police officer that he believed defendant needed to take a polygraph examination. Defense counsel objected before the witness could answer, and no answer was given. This was the only reference to a polygraph test. The trial court later instructed the jury that the attorneys' questions are not evidence. Under these circumstances, the trial court did not abuse its discretion in denying plaintiff's motion for a mistrial.

## E. ASSISTANCE OF COUNSEL

Defendant also argues that he was denied the effective assistance of counsel at trial. A claim of ineffective assistance of counsel presents a mixed question of constitutional law and fact. *People v LeBlanc*, 465 Mich 575, 579; 640 NW2d 246 (2002). We review a trial court's

factual findings for clear error, and review a trial court's rulings on questions of constitutional law de novo. *People v Trakhtenberg*, 493 Mich 38, 47; 826 NW2d 136 (2012).

"Both the Michigan and the United States Constitutions require that a criminal defendant enjoy the assistance of counsel for his or her defense." *Trakhtenberg*, 493 Mich at 51, citing Const 1963, art 1, § 20 and US Const, Am VI. To establish an ineffective assistance of counsel claim, "a defendant must show that (1) counsel's performance fell below an objective standard of reasonableness and (2) but for counsel's deficient performance, there is a reasonable probability that the outcome would have been different." *Trakhtenberg*, 493 Mich at 51. To prevail on such a claim, a defendant must overcome a strong presumption that his counsel's conduct constituted sound trial strategy. *Id.* at 52.

Defendant first argues that his trial counsel did not sufficiently investigate his case, but he abandons the argument by failing to explain why his counsel's investigation was inadequate. A defendant cannot assert a position and then leave it to this Court to search for the factual basis to sustain his claim. *People v Norman*, 184 Mich App 255, 260; 457 NW2d 136 (1990). Defendant next complains that his trial counsel was ineffective for failing to ask his son about SC's and FB's prior inconsistent statements. According to defendant, his son told defense counsel before trial that SC and FB each told him that defendant did not sexually abuse them. However, an attorney's approach to questioning witnesses is a matter of trial strategy. *People v Petri*, 279 Mich App 407, 413; 760 NW2d 882 (2008). "This Court will not substitute its judgment for that of counsel regarding matters of trial strategy, nor will it assess counsel's competence with the benefit of hindsight." *People v Rockey*, 237 Mich App 74, 76-77; 601 NW2d 887 (1999). Moreover, defendant has failed to show that whatever his son might have said would have had a substantial likelihood of changing the outcome of the trial, given that defense counsel vigorously challenged the victims' credibility.

Defendant argues that his trial counsel was ineffective for failing to advise him regarding an offer for a plea bargain. The two prosecuting attorneys who worked on defendant's case testified that they never made a plea offer to defendant's attorney, explaining further that they put such offers in writing as matter of practice, and that defendant's file contained no evidence of any plea offers. Similarly, defendant's trial counsel testified that he never received a plea offer. Based on this testimony, the trial court did not clearly err in finding that no plea offer existed.

## F. NEWLY DISCOVERED EVIDENCE

Finally, defendant complains that the trial court erred when it failed to grant a new trial or an evidentiary hearing on the basis of post-trial recantation testimony. "Whether to grant a new trial on the basis of recanting testimony is a decision committed to trial court discretion." *People v Canter*, 197 Mich App 550, 560; 496 NW2d 336 (1992). A defendant must show a clear abuse of that discretion to warrant reversal on appeal. *Id.*

Defendant argues that he is entitled to a new trial because his son and mother heard SC say, after trial concluded, that she lied during trial regarding her allegations of defendant's sexual misconduct. In order to obtain a new trial on the basis of newly discovered evidence, a defendant must show that "(1) the evidence itself, not merely its materiality, was newly discovered; (2) the newly discovered evidence was not cumulative; (3) the party could not, using

reasonable diligence, have discovered and produced the evidence at trial; and (4) the new evidence makes a different result probable on retrial." *People v Cress*, 468 Mich 678, 692; 664 NW2d 174 (2003) (internal quotation marks and citations omitted). Newly discovered evidence in the form of recantation testimony is traditionally considered suspect and untrustworthy. *Canter*, 197 Mich App at 559. Accordingly, Michigan courts are reluctant to grant new trials on the basis of this evidence. *Id.*

In this case, the trial court properly regarded the newly discovered recantation testimony as suspect and untrustworthy, especially considering that it came from the only two witnesses who testified on defendant's behalf at trial. In reviewing a trial court's decision denying a new trial, we give due regard to the trial court's superior ability to appraise the credibility of recanting witnesses and other witnesses. *Id.* Moreover, defendant fails to show that this recantation evidence would make a different result probable on retrial, as the jury would likely find it unpersuasive in light of SC's unequivocal testimony regarding defendant's sexual misconduct.

Affirmed.

/s/ Peter D. O'Connell
/s/ Karen M. Fort Hood
/s/ Michael F. Gadola