*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

       Plaintiff-Appellee,

v

RANDAL ALAN NAVARRETE,

       Defendant-Appellant.

UNPUBLISHED
September 17, 2019

No. 343355
Oakland Circuit Court
LC No. 2017-264703-FC

Before: JANSEN, P.J., and CAMERON and TUKEL, JJ.

PER CURIAM.

Defendant, Randal Alan Navarrete, appeals as of right his January 25, 2018, jury trial convictions of four counts of first-degree criminal sexual conduct (CSC-I), MCL 750.520b(2)(b). Defendant was sentenced to 25 to 99 years' imprisonment for each count of CSC-I. We affirm.

## I. RELEVANT FACTUAL BACKGROUND

This case arises out of the sexual assault of the daughter of defendant's ex-wife's cousin. Defendant would babysit the victim while her mother was at work. Defendant would summon the victim to the bathroom of the apartment, lock the door, and tell the victim to bend over and lean against the toilet. Defendant would pull down the victim's shorts and then his own, exposing his penis. Defendant would grab a hair brush, put cream on the handle, and insert the handle into the victim's anus. Following penetration with the hairbrush handle, defendant would insert his penis into the victim's anus. After cleaning the victim's bottom following ejaculation, defendant would stand on the ledge of the bathtub, have the victim face him, and tell her to close her eyes. When she closed her eyes, defendant would put his penis into her mouth. The victim testified that this sequence of acts happened more than once, and happened when no one else was home, or when the other children were watching television.

The victim's mother took the victim to see Helen Stewart, a nurse practitioner working under the direction of a pediatrician. Stewart testified that the victim's rectum was red but noted it as erythema. Stewart testified that the redness is a nonspecific finding in sexual abuse cases, which means that it is not specific for child abuse, and it could have been caused from itching or wiping too hard. Following the examination by Stewart, the victim began therapy sessions at

Care House. The victim had approximately 69 therapy sessions, where the victim and the Care House therapist developed a "trauma narrative". The trauma narrative is a way for children to retell what happened to them; it is not supposed to be a fact checking procedure of their allegations, but rather a way for children to identify, and navigate their thoughts and feelings related to abuse. Defendant was interviewed by police, denied the allegations and subsequently fled to Mexico. A warrant for defendant's arrest was formally authorized on July 15, 2015, and he was extradited back to Michigan in August of 2017.

Following a jury trial, defendant was convicted of four counts of CSC-I, and was sentenced to 25 to 99 years' imprisonment for each count. This appeal followed.

## II. SUFFICIENCY OF THE EVIDENCE

Defendant argues on appeal that the prosecution presented insufficient evidence to support his CSC-I convictions. We disagree.

We review de novo challenges to the sufficiency of the evidence viewing the evidence in the light most favorable to the prosecution, to determine whether the trier of fact could have found that the essential elements of the crime were proven beyond a reasonable doubt. *People v Harris*, 495 Mich 120, 126, 845 NW2d 477 (2014). We may not interfere with the jury's assessment of credibility. *People v Solloway*, 316 Mich App 174, 180; 891 NW2d 255 (2016). All conflicts in the evidence must be resolved in favor of the prosecution and "circumstantial evidence and all reasonable inferences drawn therefrom can constitute satisfactory proof of the crime." *People v Nowack*, 462 Mich 392, 400, 614 NW2d 78 (2000). Moreover, "the complainant's testimony can, by itself, be sufficient to support a conviction of CSC." *People v Szalma*, 487 Mich 708, 724; 790 NW2d 662 (2010).

Defendant was convicted of four counts of CSC-I under MCL 750.520b(1)(a) (penetration of a person under age 13). The elements of CSC-I under MCL 750.520b(1)(a) are: "(1) the defendant engaged in sexual penetration with another person and (2) the other person was under 13 years of age." *People v Lockett*, 295 Mich App 165, 187; 814 NW2d 295 (2012), citing *People v Hammons*, 210 Mich App 554, 556-557; 534 NW2d 183 (1995). " 'Sexual penetration' means sexual intercourse, cunnilingus, fellatio, anal intercourse, or any other intrusion, however slight, of any part of a person's body or of any object into the genital or anal openings of another person's body…." MCL 750.520a(r).

Defendant first challenges the sufficiency of the evidence supporting his CSC-I convictions by arguing the evidence presented by the prosecution was merely testimonial, and that the prosecution failed to produce any physical evidence. However, defendant overlooks authority from this Court, as well as statutory authority, concluding that in criminal sexual conduct prosecutions, a victim's testimony may be sufficient to support a defendant's conviction and need not be corroborated. See MCL 750.520h, which provides that "[t]he testimony of a victim need not be corroborated in prosecutions under sections 520b to 520g." See also *People v Bailey*, 310 Mich App 703, 714; 873 NW2d 855 (2015), quoting *People v Smith*, 205 Mich App 69, 71; 517 NW2d 255 (1994), where this Court stated:

[A] complainant's testimony regarding a defendant's commission of sexual acts is sufficient evidence to support a conviction for CSC-I:

> [T]he question is not whether there was conflicting evidence, but rather whether there was evidence that the jury, sitting as the trier of fact, could choose to believe and, if it did so believe that evidence, that the evidence would justify convicting defendant . . . If the jury chose to believe the victim's testimony, they would be justified in convicting defendant of four counts of criminal sexual conduct in the first degree.

In this case, the victim testified in detail about three distinct incidents of sexual penetration by defendant when the victim was under the age of 13 and defendant was over the age of 17. Further, Stewart, Arnold, and Phillips all testified consistently that the victim had told them about a fourth type of penetration, digital penetration. The testimony of Stewart, Arnold and Phillips, when viewed in a light most favorable to the prosecution, tends to corroborate the victim's testimony. Accordingly, even absent any physical evidence, we conclude that the prosecution presented sufficient evidence from which a rational trier of fact could conclude defendant was guilty beyond a reasonable doubt of four counts of CSC-I. Therefore, defendant's argument lacks merit.

Second, defendant next challenges the victim's credibility. Defendant points to the victim's age, argues that the victim's mother had motive for the victim to falsify the accusations in order to gain United States citizenship, and further argues that The Care House's staff coached the victim's narrative. However, witness credibility is a question for the finder of fact, and this Court will not interfere with the fact-finder's role. *People v Wolfe*, 440 Mich 508, 514-515, 489 NW2d 748 (1992). Here, the jury considered the testimony of the victim, the victim's family members, the testimony of Care House therapists, and the testimony of a second alleged victim in finding defendant guilty. We will not substitute our judgment for that of the jury.

Finally, defendant argues that law enforcement failed to investigate any other persons of interest, such as the boyfriend of the victim's mother. However, the victim repeatedly named defendant as the perpetrator of the sexual assaults. The victim's mother asked the victim if she was sure defendant had assaulted her or whether her mother's boyfriend, who the victim referred to as "her dad," had abused her. The victim repeatedly told her mother it was not "her dad." Moreover, when "relying on circumstantial evidence, the prosecution need not negate every reasonable theory consistent with defendant's innocence, but need merely introduce evidence sufficient to convince a reasonable jury in the face of whatever contradictory evidence defendant may provide." *People v Hardiman*, 466 Mich 417, 421; 646 NW2d 158 (2002). Accordingly, defendant's argument is without merit.

Affirmed.

/s/ Kathleen Jansen
/s/ Thomas C. Cameron
/s/ Jonathan Tukel