*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

AMOS ANDREW HENDRIX,

        Defendant-Appellant.

UNPUBLISHED
December 12, 2019

No. 342462
Wayne Circuit Court
LC No. 17-003339-01-FH

Before: FORT HOOD, P.J., and SERVITTO and BOONSTRA, JJ.

PER CURIAM.

Defendant appeals by right his convictions for three counts of second-degree criminal sexual conduct (CSC II), MCL 750.520c(1)(a) (victim under 13 years of age). Finding no error requiring reversal, we affirm defendant's convictions. However, we remand this case to the trial court for the purely ministerial task of making corrections to defendant's presentence investigation report (PSIR).

## I. INEFFECTIVE ASSISTANCE OF COUNSEL

Defendant first argues on appeal that his trial counsel was ineffective for failing to use a challenge to dismiss a juror who revealed during voir dire that she had been the victim of molestation. Defendant alternatively suggests that the trial court should have dismissed the juror sua sponte. We disagree.

Generally, a claim of ineffective assistance of counsel is a mixed question of fact and constitutional law. *People v Trakhtenberg*, 493 Mich 38, 47; 826 NW2d 136 (2012). We review the trial court's findings of fact for clear error, and we review questions of constitutional law de novo. *Id.* Where a *Ginther*[1] hearing has not been held, review is limited to mistakes apparent on the record. *People v Payne*, 285 Mich App 181, 188; 774 NW2d 714 (2009).

---

[1] *People v Ginther*, 390 Mich 436; 212 NW2d 922 (1973).

In order to establish ineffective assistance of counsel, defendant must prove (1) that his attorney made an error, and (2) that the error was prejudicial. *Strickland v Washington*, 466 US 668, 687; 104 S Ct 2052; 80 L Ed 2d 674 (1984); *People v Pickens*, 446 Mich 298, 311, 314; 521 NW2d 797 (1994). That is, first, defendant must show that his trial counsel's performance fell below an objective standard of reasonableness. *People v Russell*, 297 Mich App 707, 715-716; 825 NW2d 623 (2012). Second, defendant must show that, but for trial counsel's deficient performance, a different result would have been reasonably probable. *Id*. at 715-716. We must analyze the issue with a strong presumption that trial counsel's conduct falls within the wide range of reasonable professional assistance, and with a presumption that the challenged action or inaction was sound trial strategy. *People v Leblanc*, 465 Mich 575, 578; 640 NW2d 246 (2002). "Jurors are presumptively competent and impartial, and the party alleging the disqualification bears the burden of proving its existence." *People v Johnson*, 245 Mich App 243, 258; 631 NW2d 1 (2001) (citation omitted). "The burden is on the defendant to establish that the juror was not impartial or at least that the juror's impartiality is in reasonable doubt." *People v Miller*, 482 Mich 540, 550; 759 NW2d 850 (2008) (citation omitted). "[T]his Court has been disinclined to find ineffective assistance of counsel on the basis of an attorney's failure to challenge a juror" because counsel is typically in a better position than a reviewing court to analyze "a potential juror's facial expressions, body language, and manner of answering questions." *People v Unger*, 278 Mich App 210, 258; 749 NW2d 272 (2008). We will not substitute our judgment for that of counsel or assess counsel's performance using the benefit of hindsight. *Id*. "[A]n attorney's decisions relating to the selection of jurors generally involve matters of trial strategy. *Johnson*, 245 Mich App at 259 (citation omitted). The fact that a juror would rather not serve on a jury does not establish a ground for their dismissal. *People v Vaughn*, 291 Mich App 183, 193; 804 NW2d 764 (2010).

During voir dire, the juror indicated that she was molested as a child. Counsel did not seek the dismissal of the juror for cause or exercise a peremptory challenge. Despite the juror having a history of being the victim of a crime similar to the one that defendant was charged with, after having been asked whether she would be able to remain fair and impartial, the juror responded in the affirmative. The juror did not indicate that she would unfairly side with defendant or the prosecution, and in fact, she agreed with defendant's counsel during voir dire that she "wouldn't want anybody to be wrongfully accused, convicted, or whatever, of something they didn't do." The juror indicated that she preferred to be assigned to a different case, but as noted above, that alone was not automatic cause for the juror's dismissal. *Id*. at 193. Defendant has not demonstrated that the "juror was not impartial or at least that the juror's impartiality is in reasonable doubt." *Miller*, 482 Mich at 550. Accordingly, we conclude that declining to seek dismissal of the juror was likely a matter of trial strategy on the part of defendant's attorney, and that defendant has not demonstrated that counsel's performance fell below an objective standard of reasonableness.

We also note defendant's brief suggestion that the trial court erred by failing to dismiss the juror sua sponte. MCR 2.511(D) provides multiple grounds that justify a challenge to a potential juror for cause, including that the potential juror (1) "is biased for or against a party or attorney"; (2) "shows a state of mind that will prevent the person from rendering a just verdict, or has formed a positive opinion on the facts of the case or on what the outcome should be"; or (3) "has opinions or conscientious scruples that would improperly influence the person's verdict[.]"

Additionally, MCR 6.412(D)(2) provides that "[i]f, after the examination of any juror, the court finds that a ground for challenging a juror for cause is present, the court on its own initiative should, or on motion of either party must, excuse the juror from the panel." For the reasons articulated above, however, we conclude that none of the above grounds for excluding a juror were present. There was no evidence that the juror was biased against defendant, nor that the juror would be improperly influenced by her past experiences or unable to render a just verdict. The trial court was not required to sua sponte excuse the juror.

Defendant also argues that his counsel was ineffective for failing to call the victim's mother as a witness. Decisions about whether to call or question a witness are presumed to be matters of trial strategy. *Russell*, 297 Mich App at 716. Failing to call a witness only rises to the level of ineffective assistance of counsel if it deprives the defendant of a substantial defense. *Id*. We note that defendant did not submit an offer of proof or any other evidence at trial to establish what the victim's mother would have said if she were called as a witness, and the only evidence that defendant now submits is his own affidavit and two e-mails. These documents were not part of the lower court record, and thus, we will not consider them in determining the effectiveness of counsel at trial. *People v Seals*, 285 Mich App 1, 17; 776 NW2d 314 (2009). Because we only consider the evidence presented in the trial court and review for mistakes apparent from the record, *Payne*, 285 Mich at 181, we note that there is no evidence whatsoever of what the victim's mother would have said or how her testimony would have affected the outcome of the case. Her testimony could have been supportive of her daughter and damaging to defendant's case. Similarly, regarding defendant's argument that counsel should have investigated the CPS case or called a CPS witness, defendant has not identified what evidence the investigation would have revealed, who counsel should have called as witnesses, or how it would have helped his defense. Because there is no evidence of how any other witnesses' testimonies would have benefited defendant, and no indication of what witnesses should have been called from CPS, we conclude that defendant has not overcome the presumption that counsel's inaction was sound trial strategy. *Leblanc*, 465 Mich at 578. Defendant has failed to demonstrate that his counsel's performance was deficient.

## II. SUFFICIENCY AND GREAT WEIGHT OF THE EVIDENCE

Defendant next argues that there was insufficient evidence to convict him, or in the alternative, that his convictions were against the great weight of the evidence. We disagree with both claims.

A challenge to the sufficiency of the evidence is reviewed de novo. *People v Lueth*, 253 Mich App 670, 680; 660 NW2d 322 (2002). To sustain a conviction, due process requires that there be sufficient evidence to justify a rational trier of fact in finding guilt beyond a reasonable doubt. *People v Wolfe*, 440 Mich 508, 513-514; 489 NW2d 748 (1992). We review challenges to the sufficiency of the evidence by viewing the evidence in the light most favorable to the prosecution to determine whether a rational trier of fact could find that the essential elements of the crime were proved beyond a reasonable doubt. *People v Bennett*, 290 Mich App 465, 471-472; 802 NW2d 627 (2010). In applying this standard, we "must draw all reasonable inferences and make credibility choices in support of the jury verdict." *Cameron*, 291 Mich App at 613 (quotation marks and citation omitted). Circumstantial evidence and any reasonable inferences flowing from that evidence can prove the elements of a crime. *People v Nowack*, 462 Mich 392,

400; 614 NW2d 78 (2000). The testimony of a single victim may be sufficient to convict a defendant. See *People v Smith*, 205 Mich App 69, 71; 517 NW2d 255 (1994).

We have described the essential elements of second-degree CSC as follows:

(1) the defendant engaged in sexual contact, (2) with a person under 13 years of age. MCL 750.520c(1)(a). The statutory definition of "sexual contact," pertinent here, includes "the intentional touching of the victim's or actor's intimate parts or the intentional touching of the clothing covering the immediate area of the victim's or actor's intimate parts, if that touching can reasonably be construed as being for the purpose of sexual arousal or gratification, [or] done for a sexual purpose . . . ." MCL 750.520a(q). "Intimate parts" includes "the primary genital area, groin, inner thigh, buttock, or breast . . . ." MCL 750.520a(f). [*People v Duenaz*, 306 Mich App 85, 106-107; 854 NW2d 531 (2014).]

In this case, the victim, who was 11 years old at the time of trial, testified that defendant molested her when she was 9 or 10. The victim specifically testified that defendant touched her breasts and buttocks under her clothes using his hands and his penis. She provided testimony of at least three specific events, although she claimed that defendant molested her at least 10 times. On review for sufficiency of the evidence, we make credibility choices in support of the jury's verdict, *Cameron*, 291 Mich App at 613, and view the evidence in a light most favorable to the prosecution, *Bennett*, 290 Mich App at 471-472. With that in mind, we conclude that a rational jury could find that the essential elements of defendant's crimes were proven beyond a reasonable doubt based upon the victim's testimony. Thus, there was sufficient evidence to support defendant's convictions.

As noted above, defendant also contends that his convictions were against the great weight of the evidence. Where, as here, a great-weight issue is preserved, it will be reviewed by deciding whether the evidence preponderates so heavily against the verdict that it would be a miscarriage of justice to allow the verdict to stand." *People v Cameron*, 291 Mich App 599, 616-617; 806 NW2d 371 (2011) (quotation marks and citation omitted). A new trial may be granted, on some or all of the issues, if a verdict is against the great weight of the evidence. MCR 2.611(A)(1)(e). The jury's verdict should not be set aside, however, if there is competent evidence to support it. *People v Schwartz*, 215 Mich 197, 208-209; 183 NW2d 723 (1921). Determining whether a verdict is against the great weight of the evidence requires review of the whole body of proofs. *People v Herbert*, 444 Mich 466, 475; 511 NW2d 654 (1993). "When testimony is in direct conflict and testimony supporting the verdict has been impeached, if it cannot be said as a matter of law that the testimony thus impeached was deprived of all probative value or that the jury could not believe it, the credibility of witnesses is for the [finder of fact]." *People v Lemmon*, 456 Mich 625, 643; 576 NW2d 129 (1998).

Again, the victim testified about three specific occasions when defendant touched her in a sexual manner. This case was essentially defendant's word against the victim's word, and thus, credibility was key. And although defendant cross-examined the victim and he claims that her testimony lacked credibility, the evidence demonstrated that the victim was able to provide specifics about the assaults, including what body parts defendant touched, what parts of his own

-4-

body he used, the locations of the assaults, and who else was home at the time. The victim's testimony was not, as a matter of law, "deprived of all probative value," and thus, the victim's credibility was for the jury to decide. *Id*. The testimony constituted competent evidence to support the jury's verdict, and accordingly, we will not set that verdict aside. *Schwartz*, 215 Mich at 208-209.

## III. CORRECTION OF THE PRESENTENCE INVESTIGATION REPORT

Defendant lastly argues that he is entitled to have his PSIR corrected to reflect the trial court's findings during sentencing and to have a corrected copy forwarded to the Department of Corrections. With this, we agree.

We first note that both parties agree on appeal that defendant is entitled to this ministerial relief. Defendant's PSIR shows that the trial court made changes to defendant's sentencing information report (SIR), included in the PSIR, including to offense variables (OVs) 3, 7, 11, and 13. These changes reduced defendant's total OV score from 135 to 50. Defendant's crime was listed on the SIR as a class C crime. An OV score of 50 put defendant at OV level 5. The parties agreed at sentencing that the prior record variable (PRV) levels would remain unchanged at 127, level F. The parties further agreed that, with defendant's fourth-offense habitual offender status, this resulted in a minimum sentencing guidelines range of 58 months to 228 months. However, the SIR shows that, despite the trial court making the changes to the OVs and the OV score on the report, it neglected to make the corresponding changes to the guideline minimum range on the report, which still reflects a range of 62 to 228 months. It also neglected to change defendant's OV level from 6 to 5. These changes would be purely ministerial, as it would not affect defendant's sentence. However, because the "Department of Corrections makes critical decisions concerning a defendant's status on the basis of information contained in the PSIR," *People v Waclawski*, 286 Mich App 634, 689; 780 NW2d 321 (2009) (citation omitted), a remand is necessary so that the trial court can make the PSIR accurately reflect the "determination the sentencing judge made regarding the accuracy or relevance of its information." *Id*.

Affirmed but remanded for the ministerial tasks of correcting defendant's PSIR consistent with this opinion, and directing that the corrected copy be forwarded to the Department of Corrections. We do not retain jurisdiction.

/s/ Karen M. Fort Hood
/s/ Deborah A. Servitto
/s/ Mark T. Boonstra

-5-