*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

      Plaintiff-Appellee,

UNPUBLISHED
November 30, 2023

v

No. 362238
Oakland Circuit Court
LC No. 2019-271343-FC

MUHAMMED BALDEH,

      Defendant-Appellant.

Before: RIORDAN, P.J., and CAVANAGH and GARRETT, JJ.

PER CURIAM.

Defendant appeals as of right his jury-trial convictions of two counts of first-degree criminal sexual conduct (CSC-I), MCL 750.520b(1)(a); MCL 750.520b(2)(b) (CSC-I committed by an individual 17 years of age or older against an individual less than 13 years of age). Defendant was sentenced to consecutive terms of 25 to 60 years' imprisonment for each of the CSC-I convictions. We affirm defendant's convictions but vacate his sentences and remand to the trial court for proceedings consistent with this opinion.

## I. BACKGROUND

This case is about the sexual assaults of HG and NG that took place in 2012. At the time of the assaults HG was eight years old, NG was seven years old, and defendant was 21 years old. At trial, the first victim, HG, stated that defendant often babysat the children while their mother was at work. On one such occasion, HG explained that defendant attempted to engage in fellatio with her, but she resisted. At another time, HG stated that defendant made her perform fellatio on him. She did not inform anyone of the incidents because defendant threatened to "to do this or do that," although she could not recall what "that" was.

The second victim, NG, testified that defendant also engaged in fellatio with her. In addition, NG witnessed defendant assault HG. Like HG, NG initially did not report the incidents but informed her mother after defendant kicked her. Their mother phoned the police and witnessed defendant fleeing. The primary investigator testified that she was unable to locate defendant after the incident and reported his flight to the Fugitive Apprehension Team. Defendant eventually was apprehended out-of-state in 2019, at which time criminal proceedings were initiated.

The jury convicted defendant as noted above. This appeal followed.

## II. SUFFICIENCY OF THE EVIDENCE

Defendant first contends that the prosecution presented insufficient evidence to support his two convictions of CSC-I. We disagree.

### A. STANDARD OF REVIEW

"This Court reviews de novo a defendant's challenge to the sufficiency of the evidence supporting his or her conviction." *People v Lane*, 308 Mich App 38, 57; 862 NW2d 446 (2014). "In analyzing these sufficiency claims, this Court must review the evidence in the light most favorable to the prosecution to determine whether a rational trier of fact could have found that the essential elements of the crime were proved beyond a reasonable doubt." *People v Powell*, 278 Mich App 318, 320; 750 NW2d 607 (2008) (quotation marks and citation omitted). "The standard of review is deferential: a reviewing court is required to draw all reasonable inferences and make credibility choices in support of the jury verdict." *People v Nowack*, 462 Mich 392, 400; 614 NW2d 78 (2000).

### B. LAW AND ANALYSIS

There was sufficient evidence to sustain defendant's convictions of two counts of CSC-I.

Defendant argues that the guilty verdicts of two counts of CSC-I should be vacated, and the charges against him dismissed with prejudice because the prosecution did not prove essential elements of the charged crimes beyond a reasonable doubt. This Court recently reiterated the law regarding a challenge to the sufficiency of the evidence:

> In reviewing the sufficiency of the evidence, this Court must view the evidence—whether direct or circumstantial—in a light most favorable to the prosecutor and determine whether a rational trier of fact could find that the essential elements of the crime were proven beyond a reasonable doubt. A jury, and not an appellate court, observes the witnesses and listens to their testimony; therefore, an appellate court must not interfere with the jury's role in assessing the weight of the evidence and the credibility of the witnesses. Circumstantial evidence and any reasonable inferences that arise from such evidence can constitute satisfactory proof of the elements of a crime. The prosecution need not negate every reasonable theory of innocence; it need only prove the elements of the crime in the face of whatever contradictory evidence is provided by the defendant. All conflicts in the evidence must be resolved in favor of the prosecution. [*People v Johnson*, 340 Mich App 531, 548; 986 NW2d 672 (2022) (quotation marks and citation omitted).]

As established above, defendant was convicted of two counts of CSC-I. The statute proscribing CSC-I, in relevant part, states: "A person is guilty of criminal sexual conduct in the first degree if he or she engages in sexual penetration with another person and . . . [t]hat other person is under 13 years of age." MCL 750.520b(1)(a). Furthermore, the statute states that CSC-I is a felony punishable, "[f]or a violation that is committed by an individual 17 years of age or

older against an individual less than 13 years of age by imprisonment for life or any term of years, but not less than 25 years." MCL 750.520b(2)(b).

"The elements of CSC-I in this case are: (1) the defendant engaged in sexual penetration, (2) with a person under 13 years of age." *People v Duenaz*, 306 Mich App 85, 106; 854 NW2d 531 (2014).[1] " 'Sexual penetration' means 'sexual intercourse, cunnilingus, fellatio, anal intercourse, or any other intrusion, however slight, of any part of a person's body or of any object into the genital or anal openings of another person's body . . . .' " *Id*., quoting MCL 750.520a(r) (ellipses in *Duenaz*). This Court defined fellatio as " 'oral stimulation of the penis.' " *People v Waclawski,* 286 Mich App 634, 677; 780 NW2d 321 (2009), quoting *Random House Webster's College Dictionary* (2d ed), p 478. Here, the parties stipulated that HG and NG were under the age of 13, and defendant was over the age of 17 at the time of the assaults, satisfying the statutory age requirements. Defendant argues that because the prosecution relied solely on the victims' testimony, it failed to meet its burden of proof and provided insufficient evidence that the sexual penetrations, in the form of fellatio, took place.

The victims testified at trial that on multiple occasions defendant engaged in fellatio with them, an essential element of the crime of which defendant was convicted. Defendant contends that the prosecution provided no scientific or medical evidence of these assaults, and proof of fellatio was established solely by the victims' testimony. Although "[d]efendant correctly notes that there was no forensic evidence corroborating the victims' testimony . . . it has long been settled that a complainant's testimony regarding a defendant's commission of sexual acts is sufficient evidence to support a conviction for CSC-I[.]" *People v Bailey*, 310 Mich App 703, 713-714; 873 NW2d 855 (2015). See also MCL 750.520h ("The testimony of a victim need not be corroborated in prosecutions under [MCL 750.520b to MCL 750.520g.]"). Consequently, the testimony of HG and NG regarding the assaults is sufficient, even without corroboration, as evidence for a jury to find the fellatio took place.

Defendant further asserts that HG gave contradictory testimony about details surrounding the assault, implying reasonable doubt may be inferred on the basis of this contradiction. Yet, this Court has found that contradictions in testimony alone do not render evidence insufficient. Indeed:

> The substance of defendant's argument is that there was conflicting evidence presented concerning his guilt. However, the question is not whether there was conflicting evidence, but rather whether there was evidence that the jury, sitting as the trier of fact, could choose to believe and, if it did so believe that evidence, that the evidence would justify convicting defendant . . . . If the jury chose to believe the victim's testimony, they would be justified in convicting defendant of [CSC-I]. [*People v Smith*, 205 Mich App 69, 71; 517 NW2d 255 (1994), aff'd sub nom *People v Peterson*, 450 Mich 349; 537 NW2d 857 (1995), amended 450 Mich 1212 (1995).]

---

[1] In addition, the 25-year mandatory minimum applies if the defendant was "17 years of age or older" at the time of the offense. MCL 750.520b(2)(b). Defendant stipulated at trial that he satisfied this age requirement.

We must defer to the jury's determination of witness veracity and credibility. *Id.* Even if defendant identified a true inconsistency in HG's testimony, the jury still was permitted to believe her when she testified that defendant made her perform fellatio on him. *Id.* Moreover, HG explained the apparent contradictions in her testimony by stating that the abuse occurred on multiple occasions. Consequently, the jury had reason to believe HG's testimony was not inconsistent, but instead, simply pertained to two separate incidents. On appeal, we must presume the jury found HG's statements throughout the trial, and those of her sister NG, were materially consistent with their prior accounts of the assaults and truthful to the extent they established defendant's guilt beyond a reasonable doubt. *Id.* As a result, the jury could find, on the basis of this testimony, defendant engaged in fellatio with the victims when they were under the age of 13 and he was over the age of 17.

Additionally, defendant's argument that the jury's verdict relied solely on the victims' testimony is incorrect. Relevantly, evidence was introduced at trial that defendant fled when the victims' mother called the police, and he eventually was apprehended out of state. The prosecution drew the jury's attention to this fact in closing argument, informing the jury that it could use defendant's flight as proof of consciousness of guilt. Indeed, "[e]vidence of flight is admissible to support an inference of 'consciousness of guilt' and the term 'flight' includes such actions as fleeing the scene of the crime." *People v Unger*, 278 Mich App 210, 226; 749 NW2d 272 (2008) (quotation marks and citation omitted). "Such evidence is probative because it may indicate consciousness of guilt, although evidence of flight by itself is insufficient to sustain a conviction." *People v Coleman*, 210 Mich App 1, 4; 532 NW2d 885 (1995). It is reasonable to conclude that the jury considered this evidence in its determination of guilt.

In sum, defendant has advocated for this Court to vacate his convictions because the jury should have disbelieved the victims. Deciding in the manner suggested by defendant would cause us to overlook how the jury weighed the evidence presented to it. This Court has clearly stated:

> Juries, not appellate courts, see and hear witnesses and are in a much better position to decide the weight and credibility to be given to their testimony. Where sufficient evidence exists, which may be believed by the jury, to sustain a verdict of guilty beyond a reasonable doubt, the decision of the jury should not be disturbed by an appellate court. [*Bailey*, 310 Mich App at 714 (quotation marks and citations omitted).]

As a result, the victims' testimony, standing alone, was sufficient evidence of fellatio, and any contradictions in the testimony are not fatal to its sufficiency. Further, defendant's flight after being accused of the crime was additional evidence of guilt, which the jury could have considered, and likely did so. See *Unger*, 278 Mich App at 226. In sum, the jury, as trier of fact, considered and weighed all of the evidence, found that the witnesses and their testimony were credible, and consequently delivered two guilty verdicts. Because there was legally sufficient evidence to sustain his convictions, defendant neither is entitled to have his convictions vacated nor to have the charges dismissed with prejudice.

## III. IMPROPER SENTENCING

Defendant next argues that because the trial court made no findings, nor was there evidence on the record, that the two penetrations were part of the same criminal transaction, it did not set forth sufficient grounds to justify its imposition of consecutive sentences. We agree in part.

## A. STANDARD OF REVIEW

"[T]he decision to impose a consecutive sentence when not mandated by statute is reviewable for an abuse of discretion." *People v Norfleet*, 317 Mich App 649, 664; 897 NW2d 195 (2016). In defining "abuse of discretion," our Supreme Court has stated:

> At its core, an abuse of discretion standard acknowledges that there will be circumstances in which there will be no single correct outcome; rather, there will be more than one reasonable and principled outcome. When the trial court selects one of these principled outcomes, the trial court has not abused its discretion and, thus, it is proper for the reviewing court to defer to the trial court's judgment. An abuse of discretion occurs, however, when the trial court chooses an outcome falling outside this principled range of outcomes. [*People v Babcock*, 469 Mich 247, 269; 666 NW2d 231 (2003) (citations omitted).]

"[T]he standard for reviewing a trial court's decision for an abuse of discretion articulated in *Babcock* [is] the appropriate vehicle by which to review a sentencing court's discretionary decision to impose consecutive sentences[.]" *Norfleet*, 317 Mich App at 664.

## B. LAW AND ANALYSIS

The trial court abused its discretion because it lacked the statutory authority to impose consecutive sentences without stating a sufficient justification.

Defendant argues that because the trial court made no findings, nor was there evidence on the record that the two penetrations were part of the same criminal transaction, it did not set forth sufficient grounds to justify its imposition of consecutive sentences. "In Michigan, concurrent sentencing is the norm, and a consecutive sentence may be imposed only if specifically authorized by statute." *People v Ryan*, 295 Mich App 388, 401; 819 NW2d 55 (2012) (quotation marks and citation omitted). Under the statute which defendant was convicted, the trial court "may order a term of imprisonment imposed under this section to be served consecutively to any term of imprisonment imposed for any other criminal offense arising from the same transaction." MCL 750.520b(3).

As established above, the trial court invoked its statutory discretion and imposed consecutive sentences. "The statutory language clearly limits this authority to cases in which the multiple offenses arose from the 'same transaction,' and the relevant caselaw is consistent with that legislative determination." *Bailey*, 310 Mich App at 723. In *Ryan*, 295 Mich App at 393, this Court found that two CSC-I assaults occurred in the same transaction when the defendant penetrated the victim sequentially. The sequential nature of the assaults in *Ryan* is significant because, as this Court has found in a subsequent case, "[f]or multiple penetrations to be considered as part of the same transaction, they must be a part of a 'continuous time sequence,' not merely part of a continuous course of conduct." *Bailey*, 310 Mich App at 725 (citation omitted). "[A]n

ongoing course of sexually abusive conduct involving episodes of assault does not in and of itself render the crimes part of the same transaction." *Id*.

At sentencing, defendant explicitly requested concurrent terms; the prosecution did not request consecutive sentences. The trial court cited MCL 750.520b(3), invoked its discretion to sentence consecutively, and justified this discretion by referring to the age of the victims and the significant traumatic impact of the assaults.

Defendant was convicted of two counts of CSC-I involving two victims, HG and NG, occurring in 2012. While the two offenses took place over the same time frame, this Court has said that temporal overlap alone is insufficient to find the assaults occurred during the same transaction as necessitated by statute. *Bailey*, 310 Mich App at 725-726. HG and NG were assaulted separately on separate occasions, at least with respect to the assaults underlying the respective convictions. While the record certainly indicates that the assaults arose from an ongoing course of conduct, there was, however, no judicial finding that the assaults against the two victims occurred within a continuous time sequence.

In its brief, the prosecution argues that NG's witnessing of HG's assault may be construed as being part of the same transaction. This argument lacks merit. In *People v Brown*, 495 Mich 962, 963 (2014), our Supreme Court vacated the trial court's imposition of seven consecutive sentences for CSC-I because, while the assaults occurred over 10 days, only "three sexual penetrations that resulted in those convictions ar[ose] from the same transaction. That is, the three sexual penetrations grew out of a continuous time sequence and had a connective relationship that was more than incidental." *Id*. (quotation marks and citations omitted).

At most, the trial court in *Brown* was permitted to sentence the defendant to serve consecutive terms for only three of the CSC-I convictions. It may be inferred from the ruling in *Brown* that the penetrations must occur during a continuous time sequence to be considered as part of the same criminal transaction under the statute. There is no judicial finding that this occurred in the instant case.

We decline to resolve whether the assaults against HG and NG arose from the same transaction. At issue is whether the trial court erred by abusing its discretion under the statute and imposing consecutive sentences on defendant. Based on this Court's precedent, the trial court did. The trial court invoked its discretion by referencing the age and trauma suffered by the victims; however, this information did not grant the trial court statutory authority to impose consecutive sentences. See *id*. To warrant consecutive sentences, the trial court was required to find that the two CSC-I convictions arose from the same transaction under MCL 750.520b(3). The trial court, in failing to make the necessary finding, chose "an outcome falling outside this principled range of outcomes" granted to it by statute, and abused its discretion. *Babcock*, 469 Mich at 269. We therefore vacate defendant's sentences and remand to the trial court to either articulate facts sufficient to justify consecutive sentences under MCL 750.520b(3), or resentence defendant to concurrent terms.

IV. CONCLUSION

For the reasons stated above, we affirm defendant's convictions, vacate his sentences, and remand to the trial court for further proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Michael J. Riordan
/s/ Mark J. Cavanagh
/s/ Kristina Robinson Garrett